IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CARL A WESCOTT,

    Plaintiff,

v.                                                             Civ. No. 25-368 GBW

EMZINI AFRICA HOLDINGS LIMITED and
DOES 1 THROUGH 10,

    Defendants.

**ORDER TO CURE DEFICIENCY**
**AND ORDER TO SHOW CAUSE**

THIS MATTER comes before the Court on *pro se* Plaintiff's Verified Legal Complaint for Breach of Contract; Negligence, ("Complaint"), *doc. 1*, and his Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form), *doc. 2*.

**Order to Cure Deficiency**

Plaintiff filed a motion to proceed *in forma pauperis* using an Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form) ("Short Form Application"). *See doc. 2*. The Short Form Application does not provide sufficient information for the Court to determine whether a plaintiff is unable to pay the required fees. The Court requires plaintiffs seeking to proceed without prepaying fees to file the Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) ("Long Form Application"). Failure to file a Long Form Application within twenty-one

(21) days from entry of this Order *or* failure to follow all instructions in the Long Form Application may result in denial of the motion to proceed *in forma pauperis.*

**Order to Show Cause**

This case arises from an alleged breach of contract.  In March 2024, Defendant Emzini Africa Holdings Limited ("Emzini"), a South African company, entered into a sales commission agreement with Capital Ideas Consulting WLL ("Capital") and in February 2025, entered into a new contract with the same terms.  *See doc. 1* at 7-8, 17-19.  Around March 20, 2025, Plaintiff "checked in" with the owner of Emzini who informed Plaintiff "this is honestly [a] waste of my time . . . Let's just drop the whole thing and move on" and stopped communicating with Plaintiff.  *Id.* at 10.  On April 14, 2025, Capital and Plaintiff entered into an agreement assigning to Plaintiff Capital's legal claims related to Defendant Emzini.  *See id.* at 16.

Plaintiff asserts the Court has diversity jurisdiction over this matter.  *See id.* at 4.  Plaintiff states he "resides in Arizona and the Defendant is a citizen of a foreign country that has agreed to submit to the jurisdiction of this Court."  *Id.*  Diversity jurisdiction requires that the action be between "citizens of different states."  28 U.S.C. § 1332(a)(1).  "An individual's residence is not equivalent to his domicile and it is domicile that is relevant for determining citizenship."  *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015) (citing *Whitelock v. Leatherman*, 460 F.2d 507, 514 n.14 (10th Cir. 1972) (holding that "an allegation that a party defendant is a resident of a

2

state is not equivalent to an allegation of citizenship and is insufficient to confer jurisdiction upon the District Court")).

> We have described the citizenship inquiry as "an all-things-considered approach" in which "any number of factors might shed light on the subject in any given case." [*Middleton v. Stephenson*, 749 F.3d 1197, 1201 (10th Cir. 2014)]. Relevant factors include
>
>> the party's current residence; voter registration and voting practices; situs of personal and real property; location of brokerage and bank accounts; membership in unions, fraternal organizations, churches, clubs, and other associations; place of employment or business; driver's license and automobile registration; payment of taxes; as well as several other aspects of human life and activity.
>
> *Id.* (internal quotation marks omitted). Although a person's "place of residence is *prima facie* the domicile," *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994), something more than residence in a state is required to show the intent to remain in the state, *see Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972) ("[A]llegations of mere 'residence' may not be equated with 'citizenship.'").

*Lax v. APP of New Mexico ED, PLLC*, 2022 WL 2711230, *3-4 (10th Cir. July 13, 2022) (unpublished). Plaintiff has not established that he is a citizen of Arizona.

Defendant Emzini appears to be a limited liability company. A limited liability company is a citizen of each and every state in which any member is a citizen. *See Siloam Springs*, 781 F.3d at 1237-38 (the standard requiring determination of citizenship of all members applies to any "non-corporate artificial entity"). The Complaint does not allege the citizenship of Defendant Emzini's members. *See doc. 1.*

3

It appears Plaintiff is asserting claims against one named Defendant, Emzini, and 10 "Doe" Defendants. *See doc. 1* at 1-13 (caption lists Emzini and "DOES 1 through 10" as "Defendants" and throughout the Complaint refers to "Defendants"). "When a plaintiff sues more than one defendant in a diversity action, the plaintiff must meet the requirements of the diversity statute for *each* defendant or face dismissal." *United States for Use and Benefit of Gen. Rock & Sand Corp. v. Chuska Dev. Corp.*, 55 F.3d 1491, 1495 (10th Cir. 1995) (quoting *Newman–Green, Inc. v. Alfonzo–Larrain,* 490 U.S. 826, 829 (1989)); *Grice v. CVR Energy, Inc.*, 921 F.3d 966, 968 (10th Cir. 2019) ("When our jurisdiction relies solely on diversity of citizenship under 28 U.S.C. § 1332, each defendant must be diverse from each plaintiff."). Plaintiff has not established that the Court has diversity jurisdiction over this matter because the Complaint does not establish the citizenship of each Doe Defendant. Furthermore, the Complaint does not contain factual allegations showing that the Court has personal jurisdiction over the Doe Defendants. *See Dental Dynamics, LLC v. Jolly Dental Grp., LLC*, 946 F.3d 1223, 1228 (10th Cir. 2020) (the plaintiff bears burden of establishing personal jurisdiction). Finally, "[t]he Rules of Civil Procedure do not provide for naming unknown fictitious parties." *Hardy v. Bernalillo Cnty. Det. Ctr.*, 1996 WL 713848, at *1 (10th Cir. 1996) (unpublished) (citing Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties")).

The Court orders Plaintiff to show cause why the Court should not dismiss this case for lack of jurisdiction. If Plaintiff asserts the Court should not dismiss this case,

Plaintiff must file an amended complaint. The amended complaint must contain allegations showing the citizenship of all parties. The amended complaint must also indicate: (i) where Capital Ideas Consulting WLL negotiated and executed the sales commission agreement with Defendant Emzini; (ii) where Plaintiff negotiated and executed the contract assigning to himself Capital's legal rights related to Defendant Emzini; (iii) the laws under which Capital Ideas Consulting WLL is organized, its principal place of business and all its members and their citizenship; and (iv) the nature of Plaintiff's relationship to Capital Ideas Consulting WLL.

**Case Management**

> Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys. It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October 2022). The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website: http://www.nmd.uscourts.gov.

**Compliance with Rule 11**

The Court reminds Plaintiff of his obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the

fundamental requirements of the Federal Rules of Civil and Appellate Procedure.").

Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives. *See* Fed. R. Civ. P. 11(c).

>  **IT IS THEREFORE ORDERED** that:
>
> (i) Plaintiff shall, **within 21 days of entry of this Order**, file an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form). Failure to timely file a Long Form Application may result in may result in denial of the motion to proceed *in forma pauperis*.

6

(ii) The Clerk shall send to Plaintiff a copy of this Order and an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form).

(iii) Plaintiff shall, **within 21 days of entry of this Order**: (a) show cause why the Court should not dismiss this case; and (b) file an amended complaint. Failure to timely show cause and file an amended complaint may result in dismissal of this case.

_____
GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE