## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

CARL A. WESCOTT,

      Plaintiff,

v.                                   No. 1:25-cv-00368-KWR-GBW

EMZINI AFRICA HOLDINGS LIMITED and
DOES 1 through 10,

      Defendants.

### <u>MEMORANDUM OPINION AND ORDER OF DISMISSAL</u>

This case arises from an alleged breach of contract. *See* Verified Legal Complaint for Breach of Contract; Negligence, Doc. 1, filed April 16, 2025 ("Complaint"). In March 2024, Defendant Emzini Africa Holdings Limited ("Emzini"), a South African company, entered into a sales commission agreement with Capital Ideas Consulting WLL ("Capital") and in February 2025, entered into a new contract with the same terms. *See* Complaint at 7-8, 17-19 (agreement signed by Plaintiff on behalf of Capital). Around March 20, 2025, Plaintiff "checked in" with the owner of Emzini who informed Plaintiff "this is a waste of my time . . . Let's just drop the whole thing and move on" and stopped communicating with Plaintiff. Complaint at 10. On April 14, 2025, Capital and Plaintiff entered into an agreement assigning to Plaintiff Capital's legal claims related to Emzini. *See* Complaint at 16 (agreement signed by Plaintiff on behalf of Capital). Plaintiff asserts the Court has diversity jurisdiction over this matter. *See* Complaint at 4. Plaintiff states he "resides in Arizona and the Defendant is a citizen of a foreign country that has agreed to submit to the jurisdiction of this Court." Complaint at 4.

Chief United States Magistrate Judge Gregory B. Wormuth notified Plaintiff:

Diversity jurisdiction requires that the action is between "citizens of different states." 28 U.S.C. § 1332(a)(1). "An individual's residence is not equivalent to his domicile and it is domicile that is relevant for determining citizenship." *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015) (citing *Whitelock v. Leatherman,* 460 F.2d 507, 514 n. 14 (10th Cir.1972) (holding that "an allegation that a party defendant is a resident of a state is not equivalent to an allegation of citizenship and is insufficient to confer jurisdiction upon the District Court")).

> We have described the citizenship inquiry as "an all-things-considered approach" in which "any number of factors might shed light on the subject in any given case." [*Middleton v. Stephenson*, 749 F.3d 1197, 1201 (10th Cir. 2014)]. Relevant factors include
>
>> the party's current residence; voter registration and voting practices; situs of personal and real property; location of brokerage and bank accounts; membership in unions, fraternal organizations, churches, clubs, and other associations; place of employment or business; driver's license and automobile registration; payment of taxes; as well as several other aspects of human life and activity.
>
> *Id.* (internal quotation marks omitted). Although a person's "place of residence is *prima facie* the domicile," *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994), something more than residence in a state is required to show the intent to remain in the state, *see Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972) ("[A]llegations of mere 'residence' may not be equated with 'citizenship.'").

*Lax v. APP of New Mexico ED, PLLC*, 2022 WL 2711230, *3-4 (10th Cir.). Plaintiff has not established that he is a citizen of Arizona.

Defendant Emzini Africa Holdings Limited appears to be a limited liability company. A limited liability company is a citizen of each and every state in which any member is a citizen. *See Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1237-38 (10th Cir. 2015) (the standard requiring determination of citizenship of all members applies to any "non-corporate artificial entity"). The Complaint does not allege the citizenship of Defendant Emzini Africa Holdings Limited's members.

It appears Plaintiff is asserting claims against one named Defendant, Emzini, and 10 "Doe" Defendants. *See* Complaint at 1-13 (caption lists Emzini and "DOES 1 through 10" as "Defendants" and throughout the Complaint refers to "Defendants"). "When a plaintiff sues more than one defendant in a diversity

action, the plaintiff must meet the requirements of the diversity statute for *each* defendant or face dismissal." *United States. for Use and Benefit of General Rock & Sand Corp. v. Chuska Development Corp.*, 55 F.3d 1491, 1495 (10th Cir. 1995) (quoting *Newman–Green, Inc. v. Alfonzo–Larrain,* 490 U.S. 826, 829, 109 S.Ct. 2218, 2221, 104 L.Ed.2d 893 (1989)); *Grice v. CVR Energy, Inc.*, 921 F.3d 966, 968 (10th Cir. 2019) ("When our jurisdiction relies solely on diversity of citizenship under 28 U.S.C. § 1332, each defendant must be diverse from each plaintiff"). Plaintiff has not established that the Court has diversity jurisdiction over this matter because the Complaint does not establish the citizenship of each Doe Defendant.

Order to Show Cause at 2-4, Doc. 6, filed April 22, 2025. Judge Wormuth ordered Plaintiff to show cause why the Court should not dismiss this case for lack of jurisdiction and to file an amended complaint. *See* Order to Show Cause at 7 (notifying Plaintiff that failure to timely show cause and file an amended complaint may result in dismissal of this case). Plaintiff did not show cause or file an amended complaint by the May 13, 2025, deadline.

As the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction"); *Evitt v. Durland*, 243 F.3d 388 *2 (10th Cir. 2000) ("even if the parties do not raise the question themselves, it is our duty to address the apparent lack of jurisdiction sua sponte") (quoting *Tuck v. United Servs. Auto. Ass'n,* 859 F.2d 842, 843 (10th Cir.1988).

The Court concludes it does not have jurisdiction over this case because the Complaint does not allege facts showing that there is complete diversity of citizenship between Plaintiff and each of the Defendants, and Plaintiff has not responded to Judge Wormuth's Order to show cause why the Court should not dismiss this case for lack of jurisdiction.

The Court dismisses this case without prejudice for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter

jurisdiction, the court must dismiss the action"); *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims.") (emphasis in original).

**IT IS ORDERED** that this case is **DISMISSED without prejudice.**


_____/S/ KEA W. RIGGS_____
**UNITED STATES DISTRICT JUDGE**